Max H. Galfunt, J.
This appears to be a case of first impression as to the interpretation of CPL 160.10 (subd 1, par M).
The defendant, Stephen O’Rourke, was found guilty of *52 overdriving, torturing and injuring animals, a violation of section 353 of the Agriculture and Markets Law.
Defendant O’Rourke was subsequently sentenced to a $100 fine or 30 days in jail (with the fine subsequently paid).
The Assistant District Attorney now moves to have the sentence vacated and the defendant fingerprinted and resentenced. Citing CPL 390.10, the prosecutor maintains that sentence may not be pronounced by the court "until it has received a fingerprint report from the division of criminal justice services or a police department report with respect to the defendant’s prior arrest record.”
CPL 390.10 specifies such report is required "In any case where the defendant is convicted of an offense specified in subdivision one of [CPL] section 160.10”. CPL 160.10 (subd 1) lists: (a) felonies; (b) a misdemeanor defined in the Penal Law; (c) a misdemeanor defined outside the Penal Law which would constitute a felony if such a person had a previous judgment of conviction for a crime and, (d) loitering.
The disagreement between this court and the prosecutor lies within the interpretation of CPL 160.10 (subd 1, par [b]).
The prosecutor views the above as encompassing any misdemeanor as long as it falls within the definition provided in the Penal Law (§ 10.00, subd 4).
This court feels that this does not reflect the wording of the statute. Assuredly, the Legislature would have stated "a misdemeanor as defined in subdivision 4 of section 10.00 of the Penal Law.”
The sentence "a misdemeanor defined in the penal law” obviously refers to those misdemeanors contained within that specific enactment of the Legislature entitled the "Penal Law.” This does not include misdemeanors defined in the Agriculture and Markets Law, the misdemeanors enumerated in the Administrative Code of the City of New York, or the misdemeanors contained in the Consolidated Laws (subject to CPL 160.10, subd 1, par [c]).
The court also feels that its interpretation is bolstered by the Practice Commentary following CPL 160.10 (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 160.10, p 567). It states that the predecessor of CPL 160.10 was section 940 of the Code of Criminal Procedure. Section 940 had a category consisting of "any of the misdemeanors and offenses specified in” section 552 of the Code of Criminal Procedure. (Emphasis added.)
*53 Mr. Denzer goes on to state (pp 567-568) that "The CPL provision, abandoning this enumerative category, substitutes therefor any 'misdemeanor defined in the penal law’ (subd 1 [b]). This covers virtually all the offenses listed in Code § 552 * * * and many more. It excludes hundreds or thousands of non-Penal Law misdemeanorá’. (Emphasis added.)
Thus, this court can come to the only logical conclusion: a sentence issued through violation of section 353 of the Agriculture and Markets Law is not an offense specified in CPL 160.10 and such an offense does not require fingerprinting of the defendant before said sentence may be executed.
The District Attorney’s motion is thus denied.